

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN TURSCAK,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>HENRY LAPPIN (Director, Bureau of Prisons),<br><br>　　　　　Respondent. | No. CV 05-00947-TJH(CW)<br><br>ORDER TRANSFERRING PETITION TO THE NORTHERN DISTRICT OF GEORGIA<br><br>1:05-CV-0569<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

　　　The present petition for federal habeas corpus relief under 28 U.S.C. § 2241 was filed on February 7, 2005. Pro se petitioner John Turscak is a prisoner in federal custody pursuant to a 2001 conviction in this court. However, the present petition does not challenge petitioner's conviction or sentence; instead, it challenges the legality of the conditions under which petitioner is incarcerated. In particular, petitioner claims that certain aspects of his incarceration illegally expose him to harm from other inmates in violation of Bureau of Prison regulations and petitioner's constitutional rights.

He is, and was at the time of filing this action, in custody at the United States Penitentiary in Atlanta, Georgia. Atlanta is in the Atlanta Division of the Northern District of Georgia. 28 U.S.C. § 90(a).

A habeas petition under 28 U.S.C. § 2241 may be filed in a federal district court which has personal jurisdiction over the respondent (i.e., the person having custody over the petitioner); in general, this will be the district in which the petition is in custody (actually or constructively). See Rumsfeld v. Padilla, ___ U.S. ___, 124 S. Ct. 2711, 1217-27, 159 L. Ed. 2d 513 (2004); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973), also Allen v. Oregon, 153 F.3d 1046, 1050 and citations (9th Cir. 1998). When a federal court lacks jurisdiction over a matter, the court "shall" transfer the action to any other court in which the action could have been brought, if a transfer is "in the interest of justice." See 28 U.S.C. § 1631; Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990)(§ 1631 provides authority for transferring a habeas proceeding).

Petitioner has presented no basis for § 2241 "in custody" jurisdiction in this district. Although petitioner was convicted and sentenced in this district, the petition does not challenge his conviction or sentence. Petitioner is not in actual custody in this district, and he has not suggested any reason for finding that he is in constructive custody here. On the other hand, petitioner is in actual custody in the Northern District of Georgia, and the events on which his claims are based are alleged to have occurred there. Furthermore, it is probable that the proper respondent in this action would be an officer with more immediate custody of petitioner, such as

the warden of USP Atlanta, over whom a federal district court in Georgia would have personal jurisdiction, while this court would not. On the other hand, the two districts would appear to have an equal claim to personal jurisdiction over the presently named respondent, the Director of the Bureau of Prisons.

Accordingly, the present petition properly belongs in the district in which petitioner is incarcerated, and should, "in the interest of justice," be transferred to there.

## ORDER

**IT IS THEREFORE ORDERED** as follows:

1. This action is hereby transferred to the Atlanta Division of the United States District Court for the Northern District of Georgia.

2. The clerk shall serve this order on petitioner.

DATE: 2/17/05

TERRY J. HATTER, JR.
United States District Judge

Presented by:

Dated: February 15, 2005

CARLA M. WOEHRLE
United States Magistrate Judge

3