# ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN TURSCAK,                              :

        Petitioner,                    PRISONER HABEAS CORPUS
                                   .    28 U S C. § 2241

    vs
                                   .    CIVIL ACTION NO

GERARDO MALDONADO,                   1 05-CV-0569-CC-SSC
Warden,                                   .

        Respondent

## RESPONSE TO PETITION FOR HABEAS CORPUS

Respondent Gerardo Maldonado, Warden of the Atlanta United States

Penitentiary ("USP Atlanta"), by and through his attorney, the United States

Attorney for the Northern District of Georgia, hereby submits his response to the

Court's show cause order and Inmate John Turscak's petition for writ of habeas

corpus.

## BACKGROUND

Petitioner is an inmate at the United States Penitentiary in Atlanta, Georgia,

serving a 360-month sentence for Racketeer Influenced and Corrupt Organization

Conspiracy (RICO), Violent Crime in Aid of Racketeering in violation of 18 U S C

§ 1962  See Ex 1  He has a projected release date of July 13, 2025, via Good

Conduct Time Release.  Id

In his habeas petition, Petitioner alleges that on or about May 13, 2002, he
was removed from USP Atlanta's general population and placed in the Special
Housing Unit ("SHU") for protective reasons  Petition at 4.  According to
Petitioner, prison officials determined that it was safe to return him to the general
population. which they did on November 27, 2002  Id  Petitioner was returned to
the SHU on December 9, 2002, for protective custody reasons.  Id   Petitioner
states that on August 18, 2003, while he was still housed in the SHU. he was
assaulted, and that his life continues to be in danger.  Petition at 3.  He alleges that
continued confinement in the SHU is cruel and unusual punishment. and reflects
deliberate indifference to his right to be free from violence.  For relief he asks to be
transferred to another facility where he can be placed in general population
confinement.  Petition at 3-5.

## ARGUMENT

**I.     Petitioner's Habeas Petition Should Be Dismissed Because Habeas Is
        Not the Proper Vehicle for Challenging Conditions of Confinement.**

Petitioner does not seek release from prison or a shorter sentence  See
Petition at 4.  Rather, he seeks to have the conditions of his confinement altered,

that is, to be moved from confinement in the prison's SHU to another facility where he can be placed in that institution's general population  Such a claim is not cognizable under the habeas statute because it challenges the conditions of his confinement rather than the fact or duration of his custody.

Section 2241 of Title 28 provides habeas relief to individuals who are in custody in violation of the Constitution.  28 U.S C. § 2241(c); Preiser v. Rodriguez, 411 U S  475, 484 (1973)  The Supreme Court has recognized that the "essence of habeas corpus" is an attack by a person on the "fact or length of his confinement" that seeks "immediate or a more speedy release "  Id  at 484, 494. When a person challenges the conditions of his or her confinement, rather than the fact or duration of that confinement, however, the appropriate vehicle for relief is a civil rights action.  Id  at 499  The Supreme Court recently reiterated this principle in Nelson v. Campbell, 124 S  Ct  2117 (2004), noting that prisoner claims challenging the fact or duration of custody "fall within the 'core' of habeas corpus" whereas "constitutional claims that merely challenge the conditions of a prisoner's confinement  . . fall outside of that core" and may be brought as a civil rights action.  Id. at 2122.[1]

_____

[1] Preiser and Nelson involved state prisoners and thus civil rights actions under § 1983, which applies only to alleged constitutional violations by state actors.

Although the Supreme Court has formally left open the question of whether habeas may <u>ever</u> be used to challenge prison conditions, <u>Preiser</u>, 411 U.S. at 499-500; <u>see</u> <u>Glaus v. Anderson</u>, No. 03-1226, 2005 WL 1163673, at *4 (7th Cir. May 17, 2005) ("While the Supreme Court has left the door open a crack for habeas corpus claims challenging prison conditions, it has never found anything that qualified."), many courts have taken its cue and made clear that claims challenging conditions of confinement are not cognizable in habeas. <u>See, e g.</u>, <u>id.</u> at *3 ("If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, we have held that she must use a § 1983 or <u>Bivens</u> theory," or possibly bring "a Federal Tort Claims Act claim . or an Administrative Procedures Act challenge . . . ").[2] <u>Leamer v. Fauver</u>, 288 F.3d 532,

---

Federal prisoners have analogous civil rights actions available to them under <u>Bivens v Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U S. 388 (1971). <u>See</u> <u>Glaus v. Anderson</u>, No 03-1226, 2005 WL 1163673, at *3 (7th Cir. May 17, 2005) (noting that <u>Preiser</u>'s "rationale applies just as soundly to federal prisoners filing a claim based on <u>Bivens</u>"); <u>see also</u> 18 U.S.C. § 3626 (setting forth standards for actions challenging prison conditions)

[2] The Seventh Circuit has also held that District Courts generally should not recharacterize improper § 2241 petitions as civil rights claims because of the many differences between habeas petitions and civil complaints, and "the changed landscape caused by the Prison Litigation Reform Act of 1996 (PLRA) and the Antiterrorism and Reform Act of 1996 (AEDPA)" <u>Glaus</u>, 2005 WL 1163673, at *4 (discussing <u>Bunn v. Conley</u>, 309 F 3d 1002 (7th Cir. 2002)), <u>accord</u> <u>Richmond</u>

540-44 (3d Cir. 2002) (discussing authorities and explaining that prisoner may not

pursue habeas actions to challenge conditions of confinement but rather only the

fact or duration of confinement); Boyce v. Ashcroft, 251 F.3d 911, 918 (10th Cir.

2001) (holding that petitioner may not raise challenges to conditions of confinement

in § 2241 petition)

The Eleventh Circuit has noted the issue but apparently has not had the

occasion to squarely address it. See Gomez v. United States, 899 F.2d 1124,

1125-26 (11th Cir. 1990) [3] In Gomez, the Court recognized that, while the Supreme

Court has left open the question whether habeas is ever available to challenge

prison conditions, "[s]ome authorities do not permit such claims to be asserted in a

habeas corpus action." Id. at 1126 (citing cases from Fourth, Ninth and Tenth

Circuits and a contrary case from Eighth Circuit) Though noting the issue, the

Court did not resolve it because the government had not raised the habeas-is-

_____

v. Scibana, 397 F.3d 602, 606 (7th Cir. 2004).

[3]But see Medberry v. Crosby, 351 F.3d 1049, 1053-54 & n 4 (11th Cir.
2003)(noting in dicta 1974 Fifth Circuit authority permitting habeas petitions seeking
release from administrative segregation), cert. denied, 541 U.S 1032 (2004). Old
Fifth Circuit cases are not clear on the issue, however, recognizing for example that
habeas relief is not available to prisoners who complain of mistreatment in prison
but do not seek relief from custody. See Cook v. Hanberry, 596 F.2d 658, 660 &
n.1 (5th Cir. 1979), Granville v. Hunt, 411 F.2d 9, 12 (5th Cir. 1969)

-3-

unavailable argument on appeal  Id  at 1126  The Court did hold, however, that the petitioner would not be entitled to release from prison because he was alleging mistreatment in the prison and thus challenging only the conditions of his confinement.  Id

Citing Gomez, other District Courts in this Circuit have held that habeas claims challenging the conditions of confinement are not cognizable  See Howard v  Haley, No  Civ  A. 01-0065-BH-S, 2001 WL 303534 (S.D. Ala  Mar  8, 2001); Price v. Bamberg, 845 F. Supp. 825 (M.D. Ala. 1993).  In Price, prisoners who, similar to Petitioner here, were being held as escape risks in isolation cells in the U.S  Penitentiary in Atlanta filed a habeas petition challenging their administrative detention and conditions of confinement.  Relying on Gomez, the court held that the prisoners were not entitled to habeas corpus relief because they would not be entitled to release even if the conditions of their confinement were unconstitutional. Price, 845 F  Supp  at 827  Similarly, in Howard, the court cited Gomez and dismissed a habeas petition on the ground that "[t]he writ of habeas corpus does not extend to challenges to the conditions of confinement "  Howard, 2001 WL 303534, at *1

Likewise here, Petitioner does not seek release from prison or a shorter

-4-

sentence. Even if he were correct that his continued detention in the SHU were somehow unconstitutional, he would not be entitled to (and does not assert an entitlement to) immediate or a speedier release from custody. He seeks only to be transferred from custody in the SHU to custody in the general population of another facility. His challenge goes only to the conditions of his confinement and is thus not cognizable in habeas proceedings. His petition should be dismissed.

## II.    Petitioner's Habeas Petition Should Be Dismissed Because He Failed to Exhaust His Administrative Remedies.

Even if Petitioner's claims were cognizable in habeas proceedings, his habeas action would be subject to dismissal for failure to exhaust administrative remedies  Although the Eleventh Circuit has held that the statutory exhaustion requirements of the PLRA do not apply to habeas proceedings, "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements " Skinner v  Wiley, 355 F.3d 1293, 1295 (11th Cir  2004) (per curiam)  The failure to exhaust may be excused in limited circumstances, such as when pursuing administrative remedies would be futile, but these "'exceptions to the exhaustion requirement apply only in "extraordinary circumstances,"' and the petitioner bears the burden of demonstrating the futility of administrative review."

-5-

Morrow v. Rivera, No. 4 05 CV 00115 MP AK, 2005 WL 1177913, at *2 (M D.
Fla May 17, 2005) (quoting Fuller v. Rich, 11 F 3d 61, 62 (5th Cir. 1994))   The
Eleventh Circuit has held that District Courts lack jurisdiction over a federal
prisoner's § 2241 petition unless and until all available administrative remedies have
been exhausted   See Skinner, 355 F 3d at 1295 (noting that "'[e]xhaustion of
administrative remedies is jurisdictional'" (quoting Gonzalez v. United States, 959
F 2d 211, 212 (11th Cir  1992) (per curiam))), Winck v. England, 327 F.3d 1296,
1300 n.1 (11th Cir. 2003).

The Bureau of Prisons has established a three-tier administrative remedy
procedure whereby prisoners may grieve any aspect of their imprisonment. See 28
C F.R. §§ 542 10 et seq . Ex  2 at ¶ 2.  The process also provides for an attempt at
informal resolution of the inmate's claim. See 28 C.F.R. § 542.13.  The formal
procedures first provide for a request at the institutional level to the Warden (BP-9
request)  See id. § 542 14.  If not satisfied with the Warden's response, the inmate
has 20 calendar days to file an appeal to the Regional Director (BP-10 request).  Id.
§ 542.15.  Finally, if the inmate is not satisfied with the review and determination by
the Regional Director, the inmate has 30 calendar days to file an appeal with the
General Counsel for the Federal Bureau of Prisons (BP-11 request).  Id  The

-6-

regulations provide that the time limits for appeal may be extended if the inmate demonstrates a valid reason for delay.  Id.

Here, Petitioner has filed several requests for administrative remedies at various levels   See Ex  2 at ¶¶ 2-7   Of these several, only two relate to his request for a transfer to another institution. Ex. 2 at ¶ 4a & 4b.  The first request was denied and Petitioner was directed to file a request at the proper level, which he did not do  Id., ¶ 4a  The second was rejected and he was directed to follow additional procedures to receive a response to his BP-9  Id. at ¶ 4b.  Petitioner thus failed to exhaust all of the administrative procedures available for grieving his continued detention in the SHU.  His habeas petition is subject to dismissal at least until he exhausts all possible administrative procedures.  See Skinner, 355 F.3d at 1295 (upholding dismissal of § 2241 petition for failure to exhaust administrative remedies), Irwin v  Hawk, 40 F 3d 347 (11th Cir. 1994) (upholding dismissal of civil rights action for failure to exhaust Bureau of Prisons' administrative remedy procedure), United States v. Herrera, 931 F 2d 761, 764 (11th Cir. 1991) (finding no jurisdiction where prisoner failed to exhaust Bureau of Prisons' procedure) Petitioner has not exhausted his administrative remedies, and this petition should be

dismissed.[4]

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court

deny Petitioner's application for writ of habeas corpus and dismiss this action.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

MARY C. ROEMER
ASSISTANT U S. ATTORNEY
Georgia Bar No. 611790

Suite 600, 75 Spring Street, S W
Atlanta, Georgia 30303
Telephone   404/581-6000
Facsimile:   404/581-6150
E-Mail:       Mary.Roemer@usdoj.gov

---

[4]As Respondent represented in his previous motion, Respondent is actively attempting to identify another facility to which to transfer Petitioner  Although these efforts have been continuing, to date Respondent has not located an appropriate facility.  According to Michael Branch, Chief Correctional Officer for USP Atlanta, Petitioner is housed in the SHU with an inmate from whom he is not to be separated, and neither inmate has reported any safety concerns with the arrangement  See Ex. 3.  Petitioner is separated from the inmate who attacked him in August 2003, and at no time are the inmates allowed to interact with each other

-8-

```
   SERBQ            *        PUBLIC INFORMATION         *      06-16-2005
   PAGE 001         *           INMATE DATA             *      12:04 13
                    *        AS OF 06-16-2005

REGNO.   14098-074 NAME: TURSCAK, JOHN

                    RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..  404-635-5100      FAX. 404-331-2403
                                           RACE/SEX. .  WHITE / MALE
FBI NUMBER.  555659EB3                     DOB/AGE.. .. 05-28-1971 / 34
PROJ REL MT- GOOD CONDUCT TIME RELEASE     PAR ELIG DT  N/A
PROJ REL DT  07-13-2025                    PAR HEAR DT
---------------------------- ADMIT/RELEASE HISTORY -----------------------------
FCL   ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
ATL   A-DES      DESIGNATED, AT ASSIGNED FACIL 08-25-2003 2038 CURRENT
ATL   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 08-18-2003 0217 08-25-2003 2038
ATL   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-19-2002 1904 08-18-2003 0217
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 03-19-2002 1904 03-19-2002 1904
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-19-2002 1000 03-19-2002 1904
OKL   HLD REMOVE HOLDOVER REMOVED             03-19-2002 0900 03-19-2002 0900
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  03-15-2002 1645 03-19-2002 0900
1-J   RELEASE    RELEASED FROM IN-TRANSIT FACL 03-15-2002 1745 03-15-2002 1745
1-J   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-15-2002 1102 03-15-2002 1745
CLB   ADMIN REL  ADMINISTRATIVE RELEASE        02-15-2002 0802 02-15-2002 0802
CLB   A-ADMIN    ADMINISTRATIVE ADMISSION      02-15-2002 0800 02-15-2002 0802
PHX   PRE REMOVE PRE SENT DETAINEE REMOVED     01-03-2000 0440 02-15-2002 0800
PHX   A-PRE      PRE-SENT ADMIT, ADULT         11-10-1999 1350 01-03-2000 0440
PHX   ADM CHANGE RELEASE FOR ADMISSION CHANGE  11-10-1999 1345 11-10-1999 1350
PHX   A-HLD      HOLDOVER, TEMPORARILY HOUSED  11-10-1999 1340 11-10-1999 1345
PHX   ADM CHANGE RELEASE FOR ADMISSION CHANGE  11-10-1999 1335 11-10-1999 1340
PHX   A-DES      DESIGNATED, AT ASSIGNED FACIL 11-10-1999 1333 11-10-1999 1335
PHX   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 11-09-1999 2054 11-10-1999 1333
PHX   A-HLD      HOLDOVER, TEMPORARILY HOUSED  11-09-1999 1425 11-09-1999 2054
4-H   RELEASE    RELEASED FROM IN-TRANSIT FACL 11-09-1999 1625 11-09-1999 1625
4-H   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-09-1999 1523 11-09-1999 1625
PHX   TRANSFER   TRANSFER                      11-09-1999 1323 11-09-1999 1323
PHX   A-PRE      PRE-SENT ADMIT, ADULT         07-07-1999 1409 11-09-1999 1323
F99   RELEASE 07 RELEASED FROM IN-TRANSIT, JUL 07-07-1999 1709 07-07-1999 1709
F99   A-ADMIT 05 ADMITTED TO IN-TRANSIT, MAY   05-08-1999 0530 07-07-1999 1709
O-G   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-08-1999 0530 05-08-1999 0530
O-G   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-08-1999 1009 05-08-1999 0530
BOP   ADMIN REL  ADMINISTRATIVE RELEASE        01-08-1999 1009 01-08-1999 1009
BOP   A-ADMIN    ADMINISTRATIVE ADMISSION      01-08-1999 1008 01-08-1999 1009

G0002     MORE PAGES TO FOLLOW
```

DEFENDANT'S EXHIBIT 1

```
   SERBQ              *        PUBLIC INFORMATION        *    06-16-2005
   PAGE 002           *             INMATE DATA          *    12 04 13
                               AS OF 06-16-2005

REGNO   14098-074 NAME: TURSCAK, JOHN

                      RESP OF: ATL / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 404-635-5100    FAX: 404-331-2403
PRE-RELEASE PREPARATION DATE: 01-13-2025

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT
THE INMATE IS PROJECTED FOR RELEASE.  07-13-2025 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO  010 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER  ..   ....    ...: 99-382-AHM
JUDGE.    .  ..   .  ...  .......: MATZ
DATE SENTENCED/PROBATION IMPOSED  11-26-2001
DATE COMMITTED   .......  ......   03-19-2002
HOW COMMITTED.   .. .  .....    US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...  .....  . .. NO


               FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED    $200 00         $00.00       $00.00       $00 00

RESTITUTION.  .  PROPERTY   NO  SERVICES·  NO      AMOUNT.  $00 00

-----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE .     545
OFF/CHG  18USC1962 RACKETEER INFLUENCED AND CORRUPT ORGANIZATION
         CONSPIRACY,VIOLENT CRIME IN AID OF RACKETEERING

 SENTENCE PROCEDURE.......   .: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  360 MONTHS
 TERM OF SUPERVISION  .........:    5 YEARS
 DATE OF OFFENSE    .. .........: 05-01-1998




G0002       MORE PAGES TO FOLLOW . .
```

```
SERBQ          *          PUBLIC INFORMATION          *     06-16-2005
PAGE 003 OF 003 *            INMATE DATA              *     12 04 13
                           AS OF 06-16-2005

REGNO   14098-074 NAME· TURSCAK, JOHN

               RESP OF  ATL / DESIGNATED, AT ASSIGNED FACIL
               PHONE   404-635-5100   FAX  404-331-2403
------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-21-2002 AT ATL AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010  010 010

DATE COMPUTATION BEGAN ... . ..: 11-26-2001
TOTAL TERM IN EFFECT .. .  ...   360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   30 YEARS
EARLIEST DATE OF OFFENSE. .. ..: 05-01-1999

JAIL CREDIT.  ... ..  .. ... ..   FROM DATE     THRU DATE
                                  04-21-1999   11-25-2001

TOTAL PRIOR CREDIT TIME....   . 950
TOTAL INOPERATIVE TIME.. ... ..: 0
TOTAL GCT EARNED AND PROJECTED..: 1376
TOTAL GCT EARNED ......  .. . ' 284
STATUTORY RELEASE DATE PROJECTED  07-13-2025
SIX MONTH /10% DATE.  . .. .. -  N/A
EXPIRATION FULL TERM DATE ... .  04-19-2029


PROJECTED SATISFACTION DATE..   07-13-2025
PROJECTED SATISFACTION METHOD ..: GCT REL



S0055     NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

John Luscak,
        Petitioner

                    v.                          Civil Action No.
                                                1:05-CV-0569-CC

G. Maldonado,
        Respondent

Declaration of J. Latease Bailey

I, the undersigned J. Latease Bailey, do hereby make the following unsworn declaration pertinent to the above-styled and numbered cause.

1.      I am an Assistant Regional Counsel for the Federal Bureau of Prisons (BOP) Southeast Regional Office, Atlanta, Georgia. I have been with the BOP since January 4, 1999.

2.      The Bureau of Prisons Administrative Remedy Program is described at 28 C.F.R. § 542.10, et seq. In accordance with the administrative remedy procedures, inmates ordinarily must first present their complaint to the Warden of the facility in which the inmate is confined. If the inmate is not satisfied with the response received from the Warden, the response may be appealed to the Regional Director. If the inmate is not satisfied with the response of the Regional Director, that response may be appealed to the General Counsel's Office. The response from the General Counsel's Office is considered the final agency decision.

3.      As a part of my duties, I have access to the computer records known as Sentry, which contain electronic records for the tracking the Administrative Remedy Program.

4.      I have reviewed Sentry for the Administrative Remedy records for inmate John Luscak, Reg. No. 14098-074. According to Sentry, this inmate has filed the following:

        a.      Remedy Number 308193-R1, requesting a transfer and stated that he fears for his life. This remedy was rejected because it was determined the issue was not sensitive. He was directed to file a request at the proper level (institution) and to submit one remedy per issue.

        b.      Remedy Number 322521-R1, requesting transfer to California state prison for his protection. This remedy request was rejected, however, the allegations were forwarded for review. He was directed to follow appropriate procedures to receive a written response to his BP-9.

        c.      Remedy Number 367779-F1, requested a change from his Central Inmate Monitoring System (CIMS) classification. This remedy was accepted and closed with a denial.

DEFENDANT'S
EXHIBIT
2

Bailey Declaration
Lack of Exhaustion
Page 2

> d    Remedy Number 367779-R1, appealing the denial of 367779-F1  This remedy
>      was accepted and closed with a denial

5     Inmate Turscak has filed Administrative Remedy Requests concerning his CIMS
      classification at the institution and regional level  He has not filed at the Central Office
      level, which is necessary for exhaustion

6     Further, neither the request for transfer to the California prison system or the fear for his
      life has been addressed

7     Therefore, inmate Turscak has NOT exhausted his administrative remedies for any of the
      above named issues

8     I certify that the enclosed documents as provided to the Assistant United States Attorney
      are true and accurate copies of the original computerized documents created and held
      during the regular course of business within the BOP

I declare pursuant to 28 U S C  § 1746 that the foregoing is true and correct to the best of my
knowledge and belief

Executed this 20' day of June 2005

I  Lelease Bailey, Assistant Regional Counsel
SERO

```
SCRSQ                *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-03-2005
PAGE 001 OF                                                             09-28-48
      FUNCTION  L-P SCOPE. REG    EQ 14098-074    OUTPUT FORMAT: FULL_____
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV  FROM _____    THRU _____   DT STS. FROM _____   THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS    _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS.   _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED    REMEDY LEVEL, ___ __    RECEIPT. _ _ _ "OR" EXTENSION _ _ _
RCV  OFC - EQ _____
TRACK   DEPT     _____   _____   _____   _____   _____
        PERSON   _____   _____   _____   _____   _____
        TYPE.    ___     _____   _____   _____   _____   _____
EVNT FACL  EQ    _____   _____   _____   _____   _____   _____
RCV FACL , EQ    _____   _____   _____   _____   _____   _____
RCV UN/LC  EQ    _____ _____ _____ _____ _____ _____
RCV QTR. : EQ    _____ _____ _____ _____ _____ _____
ORIG FACL: EQ    _____   _____   _____   _____   _____   _____
ORG UN/LC  EQ    _____ _____ _____ _____ _____ _____
ORIG QTR   EQ    _____ _____ _____ _____ _____ _____

G0002      MORE PAGES TO FOLLOW . . .
```

```
   SERBQ            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-03-2005
   PAGE 002 OF        *              FULL SCREEN FORMAT              *      09:28:48


REGNO  14098-074 NAME  TURSCAK, JOHN
RSP OF. .  ATL UNT/LOC/DST  A 3/CODE            QTR   Z05-314LAD RCV OFC  SER
REMEDY ID  276361-R1        SUB1· 20DM SUB2:    DATE RCV:   08-28-2002
UNT RCV    A 3/CODE     QTR RCV   Z01-213LAD    FACL RCV· ATL
UNT ORG    A 3/CODE     QTR ORG . Z01-213LAD    FACL ORG· ATL
EVT FACL.: ATL     ACC LEV                           RESP DUE·
ABSTRACT   APPEALS DHO 06-17-2002
STATUS DT· 08-28-2002   STATUS CODE: REJ STATUS REASON. ONE RSR
INCRPTNO.· 991716    RCT·   EXT·   DATE ENTD  08-28-2002
REMARKS



REGNO: 14098-074 NAME: TURSCAK, JOHN
RSP OF     ATL UNT/LOC/DST: A 3/CODE            QTR · Z05-314LAD RCV OFC  SER
REMEDY ID· 308193-R1        SUB1. 22AS SUB2: 10AS DATE RCV.   08-19-2003
UNT RCV  · A 3/CODE     QTR RCV   Z06-319LDS    FACL RCV· ATL
UNT ORG .  A 3/CODE     QTR ORG.: Z06-319LDS    FACL ORG. ATL
EVT FACL . ATL     ACC LEV:                          RESP DUE
ABSTRACT : C/O SHU/REQ TRANSFER/FEARS FOR LIFE/NO RSP TO 9'S
STATUS DT: 08-19-2003   STATUS CODE: REJ STATUS REASON· SEN OTH
INCRPTNO           RCT    EXT:   DATE ENTD· 08-19-2003
REMARKS    YOU SHOULD SUBMIT ONE REMEDY PER ISSUE.




G0002      MORE PAGES TO FOLLOW . .
```

```
   SEPBQ            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-03-2005
   PAGE 003 OF       *              FULL SCREEN FORMAT              *      09 28.48


REGNO· 14098-074 NAME: TURSCAK, JOHN
RSP OF    · ATL UNT/LOC/DST: A 3/CODE                QTR   Z05-314LAD RCV OFC: SER
REMEDY ID: 322521-R1          SUB1· 22BS SUB2: 10AS DATE RCV:   01-21-2004
UNT RCV.   A 3/CODE      QTR RCV.. H01-004L     FACL RCV: ATL
UNT ORG   . A 3/CODE      QTR ORG.: H01-004L     FACL ORG: ATL
EVT FACL.  ATL    ACC LEV:                       RESP DUE:
ABSTRACT . REQ  XPER TO CA STATE PRISON FOR PROTECTION
STATUS DT· 01-22-2004  STATUS CODE  REJ STATUS REASON  INS SEN
INCRPTNO           RCT    EXT    DATE ENTD· 01-22-2004
REMARKS   : YOUR ALLEGATIONS HAVE BEEN FORWARDED FOR REVIEW,
            HOWEVER, YOU MUST FOLLOW APPROPRIATE PROCEDURES TO
            RECEIVE A WRITTEN RESPONSE TO YOUR BP-9.


REGNO  14098-074 NAME. TURSCAK, JOHN
RSP OF    ATL UNT/LOC/DST  A 3/CODE               QTR.  Z05-314LAD RCV OFC· ATL
REMEDY ID· 367779-F1      SUB1· 13CM SUB2.        DATE RCV:   02-17-2005
UNT RCV  . A 3/CODE      QTR RCV.: Z05-311LAD    FACL RCV  ATL
UNT ORG. · A 3/CODE      QTR ORG.. Z05-311LAD    FACL ORG: ATL
EVT FACL.· ATL    ACC LEV: ATL  1 SER  1          RESP DUE·  WED  03-09-2005
ABSTRACT . CIMS CLASSIFICATION
STATUS DT: 03-08-2005  STATUS CODE  CLD STATUS REASON· DNY
INCRPTNO..          RCT· P EXT:   DATE ENTD  02-22-2005
REMARKS .·
```

```
SERBQ              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *       05-03-2005
PAGE 004 OF 004 *                    FULL SCREEN FORMAT                 *       09:28 48


REGNO. 14098-074 NAME  TURSCAK, JOHN
RSP OF    ATL UNT/LOC/DST- A 3/CODE              QTR . Z05-314LAD RCV OFC  SER
REMEDY ID: 367779-R1       SUB1- 13CM SUB2       DATE RCV-  03-16-2005
UNT RCV. · A 3/CODE      QTR RCV.: Z05-312LAD    FACL RCV. ATL
UNT ORG .- A 3/CODE      QTR ORG.- Z05-311LAD    FACL ORG  ATL
EVT FACL   ATL    ACC LEV: ATL  1 SER 1              RESP DUE.  SUN  04-17-2005
ABSTRACT   CIMS CLASSIFICATION
STATUS DT- 04-12-2005  STATUS CODE: CLD STATUS REASON  DNY
INCRPTNO :              RCT: P EXT-  DATE ENTD- 03-21-2005
REMARKS..:


                   CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE            DEPARTMENT   TO     DATE ASSN    TRK TYPE    DATE RETURNED
MON 04-04-2005      CORR PGM     JU     03-21-2005    INV         04-01-2005
SUN 04-17-2005      CEO          REH    04-01-2005    SIG         04-12-2005
```

```
                  5 REMEDY SUBMISSION(S) SELECTED
G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

John Turseak
    Petitioner

                v.                                      Civil Action No
                                                        1 05-CV-0569-CC

G Maldonado,
    Respondent

### Declaration of Michael Branch

I the undersigned Michael Branch, do hereby make the following unsworn declaration, as permitted by 28 U S C § 1746 regarding the above-styled and numbered action

1       I am the Chief Correctional Supervisor (Captain) for the Federal Bureau of Prisons (BOP) United States Penitentiary in Atlanta Georgia (USP Atlanta)

2       As a part of my duties I am responsible for oversight of the safety and security of inmates and staff at USP Atlanta

3       I have been made aware of the habeas action filed by inmate John Turseak reg no 14098-074  In his suit Petitioner alleges his life is in danger  that the Special Housing Unit (SHU) is not safe for him  He further states that the inmate who assaulted him in August of 2003  continues to threaten him

4       Inmate Turseak was housed in SHU 3 at the time the assault occurred  SHU 3 is the maximum security unit for USP Atlanta  Inmates in this unit are on 23 hour lockdown status  They are only permitted out of the cell for recreation one hour, five days per week  Correctional staff screen the inmates taking recreation together to ensure inmates who should be separated from one another remain so

5       In August of 2003  while in SHU 3  inmate Turseak was assaulted by his cellmate  BOP nor USP Atlanta had no prior notice that these inmates should be separated or that this type of incident might occur  Since the assault  these two inmates have been separated although both remain in SHU 3  However, at no time have they been allowed to interact with one another

6       Currently  inmate Turseak has a cell mate due to overcrowding in SHU 3 and the fact that inmate Turseak can be celled with an inmate from whom he is not to be kept separated  Neither inmate Turseak nor his current cellmate have reported any safety concerns with the arrangement  Further, housing him with another inmate makes inmate Turseak less suspicious (less like a "snitch") than celling him alone



DEFENDANT'S
EXHIBIT
3

7       If inmate Turscak were in danger from EVERY inmate in the unit, he would be celled alone. However, that is not his current situation.

8       I declare pursuant to 28 U S C § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of June 2005

Michael Branch, Chief Correctional Supervisor (Captain)
USP Atlanta

## CERTIFICATE OF COMPLIANCE

I certify that the document to which this certificate is attached has been

prepared with one of the font and point selections approved by the Court in L.R.

5.1B (Times New Roman, 14 pt ) for documents prepared by computer

This 22nd day of June, 2005.

Mary C  Roemer
Georgia Bar No. 611790

## CERTIFICATE OF SERVICE

I certify that I have this day served the RESPONSE TO PETITION FOR

HABEAS CORPUS by causing a copy thereof to be deposited in the United States

Mail and addressed as follows

> John Turscak
> Register # 14098-074
> United States Penitentiary
> P O Box 150160
> Atlanta, Georgia 30305

This 22nd day of June, 2005

Mary C. Roemer