John Turscak, Reg No 14098-074
United States Penitentiary-Atlanta
PO Box 150160
Atlanta, Georgia 30315
Petitioner.

FILED IN CLERK'S OFFICE
U S D C  Atlanta

AUG 0 1 2005

LUTHER D  THOMAS, Clerk
By.
                    Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN TURSCAK,
        Petitioner,

        Vs

GERARDO MALDONADO,
Warden,
        Respondent.

Civil Action No. 1 05-CV-0569 CC-(SSC)

"REQUEST FOR PHOTO COPIES OF THE ATTACHED DOCUMENT FOR 'GOOD CAUSE SHOWN' IN COMPLIANCE WITH THE LOCAL RULES."

I, John Turscak, Petitioner. am respectfully submitting to this honorable Court, the attached 24 page document entitled: "Memorandum Requesting A Status Report On Petitioner's 28 USC § 2241 Petition For Writ Of Habeas Corpus-With Attachments Marked As Petitioner's Exhibit A". Petitioner understands the Local Rules to state, that the Clerk will not make photocopies of documents except for good cause shown Petitioner believes that he meets this criteria, as Petitioner is currently being held unlawfully here at the USP-Atlanta in administrative detention- an unlawful punitive situation As such, Petitioner does not have access to a photocopy machine necessary to provide any

-1-

Copies to Respondent in this action, nor is Petitioner able to make a Copy for himself The attachments marked as "Petitioner's Exhibit A", are Petitioner's only Set of Copies that he is able to produce for the Court Muchless, are prison Staff willing to make the required amount of photocopies for Petitioner

Hereby, for good Cause shown, Petitioner is humbly requesting the Clerk to please make the necessary Copies for Respondent in this action, and, to also please send Petitioner a full Copy [and] to Serve as proof that the attached document has in fact been filed with this honorable Court  The Courts valuable time spent in granting Petitioners request for the foregoing reasons will be most appreciated  Thank You

I, John Turscak, Petitioner in this action, do declare under penalty of perjury that the foregoing is true and Correct  Executed On July 06, 2005.

Respectfully Submitted,

John Turscak, Petitioner.

2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN TURSCAK.
　　　Petitioner,

　vs

GERARDO MALDONADO,
Warden.
　　　Respondent.

CIVIL ACTION NO 1 05 CV-0569-CC-(SSC)

"MEMORANDUM REQUESTING A STATUS REPORT ON
PETITIONER'S 28 U S C § 2241 PETITION FOR
WRIT OF HABEAS CORPUS"

I, [PETITIONER] John Turscak, in the above entitled action, hereby submits to this honorable Court, Petitioners Memorandum Requesting A 'Status Report' On Petitioners 28 U S C § 2241 Petition For Writ Of Habeas Corpus, executed this 6th day of July 2005

Respectfully Submitted.

John Turscak, Reg No. 14098-074
United States Penitentiary-Atlanta
PO Box 150160
Atlanta, Georgia 30315
Petitioner.

-1-

## MEMORANDUM - STATEMENT OF RELEVANT FACT(S)

On July 05, 2005, Petitioner received an "ORDER" from this honorable Court dated June 08, 2005, stating the following: "Upon motion by Respondent and for good cause shown, the time within which Respondent may serve and his response to the Show Cause "ORDER" as to why Petitioners request for relief should not be granted, is hereby extended by thirty days, to and including June 22, 2005 So "ORDERED this 8 day of June 2005 by the honorable Susan S Cole, U S Magistrate Judge" This "ORDER" was not received by Petitioner until approximately 1 month after the filing date of June 08, 2005 Petitioner also did not receive any copy of Respondents motion for good cause shown mentioned in the Courts "ORDER", which prejudiced Petitioner from being able to submit any kind of opposition to Respondents said motion Furthermore, the Local Rules clearly state that Petitioner will receive from the Court a Filed Copy of Respondent's response to Petitioners 28 U S C § 2241 petition with an "ORDER" setting forth the date by which Petitioner may submit his reply or traverse As of this date, Petitioner has received neither, and is very concerned as to what exactly is being done in this action

Since the filing of Petitioner's 28 U S C § 2241, the following incident(s) have occurred :

(1) On March 03, 2005, Petitioner had sent evidence of a terroristic threat, to the U S District For The Central District of California, that had been sent to Petitioner by inmate Sonny Sictelle - the same inmate/assailant who had made an attempt to murder Petitioner On August 18, 2003.- this evidence included a dead rat with a note that said "Thinking of You- Always''.

(2) On March 25, 2005, in a minute order by the U S District Court For The Central District of California, that Court had notifide Petitioner that he should pursue this action appropriately in the Northern District of Georgia where it has been transfered- along with a copy of said minute order with attachments to U S Magistrate Judge Susan S Cole to whom the Georgia case has been referred However, in this honorable Courts April 20, 2005 "ORDER, there is no mention that Your Honor ever received from the U S District Court For The Central District of California, its March 25, 2005 minute order with attachments - evidence of a terroristic threat

-2-

supporting Petitioners 2241 petition that Petitioner in fact continues to be exposed to deliberate acts and threats of danger from other inmates housed here in the SHU at USP-Atlanta.

(3) On February 22, 2005 and On March 16, 2005, Petitioner received incident report(s) for refusing a "disruptive group" Urinalysis - incident report number(s) 1314692- and 1324945  On March 28, 2005 and On March 31, 2005, an "acting" Discipline Hearing office (DHO) improperly found Petitioner guilty of both incident report(s). Prolonging Petitioner's incarceration. time by disallowance of good-time credits. This "acting" DHO's Conduct was arbitrary and Capricious in deliberate violations of Bureau of Prisons regulations and due process of law USC 4 Const Amend 5. Petitioner was not allowed to Call any witnesses or Submit favorable evidence/documentation (See: Attachment(s) At Exhibit A) to prove Petitioner is not a Validated Member of the "disruptive group" known as the "Mexican Mafia".

(4) On May 02, 2005, Petitioner had been interviewed by Special Investigative Section- (SIS) officer Mr. Esselburn regarding the recent murder of Mexican Mafia member Manuel Torrez that had Occured at the USP Marion Illinois. SIS officer Esselburn debriefed Petitioner as to his personal knowledge of the deceased Manuel Torrez and the Mexican Mafia member's who sanctioned/conspired the murder of Manuel Torrez Petitioner further explained that the Same Conspirators - Mexican Mafia members who had Manuel Torrez murdered are in fact the same very individually responsible for Ordering the August 18, 2003 attempt murder to ensure on Petitioner's own life  SIS officer Esselburn stated to Petitioner that this matter would be refered to the Federal Bureau of Investigation for criminal prosecution, and that as a result of my cooperation, he would personally notify the Southeast Regional office of the BOP that I, Petitioner has agreed to fully cooperate with law enforcement authorities in the SIS investigation- warranting the expedition of Petitioner's pending transfer to the State of California Department of Corrections (CDC) Protective Custody Units, where Petitioner can "Safely" be placed in the general population, protected from those seeking to Severely injure and or kill Petitioner for having cooperated with the government in the Mexican Mafia investigation and recent BOP-SIS investigation As of this date, Petitioner has no proof that SIS officer Esselburn did as he had

-3-

— promised to do regarding the May 01, 2005 SIS debriefing interview However, it is evident that it was all a bunch of lip Service on the part of SIS officer Esselburn for the simple fact that Respondent is opposing Petitioner's petition rather than Seeking relief be granted in this action.

(5) On June 23 2005 at approximately 10:00 pm USP Atlanta-SHU inmate "Smokey" stated to Petitioner's Currant Cell mate Eugene Leathers, that he 'Smokey' was infact the one responsible for Sending a dead rat to inmate "Siofelle" to Send to Petitioner as a message that Petitioner is a dead rat where ever federal facility the BOP decides to eventually transfer Petitioner Inmate "Smokey" further stated that he is a good friend of inmate 'Siofelle' and that Petitioner is cooperating with law enforcement authorities against inmate "Siofelle" for trying to kill petitioner On August 18, 2003 That Petitioner is a Wanted Snitch by the Mexican Mafia and if Petitioner's Currant Cell mate knows what is good for him 'Leathers' should deal/assault or kill Petitioner Inmate 'Watkins' then stated to inmate 'Leathers' that everything inmate 'Smokey' is saying about Petitioner is the truth, Petitioner is a rat-Snitch and that unless 'Leathers" deals with Petitioner then 'Leathers" is going to have big problems down the line for being Sympathetic to a known Snitch These inmates' made these Same threats infront of Correctional Officers' Ms Williams and Mr Kane. Stating, they all remember what inmate 'Siofelle" did to Turscak On August 18, 2003 because Turscak-Petitioner is a big time ratting Snitch

(6) On June 24, 2005 inmate 'Siofelle' Stabbed 3 black inmates of the DC gang while On the SHU recreation yard, which Petitioner Can prove were also infact Mexican Mafia Sanctioned Stabbing assaults, — (the Mexican Mafia and the DC gang have been at war with eachother for a number of years, both in the State and Federal prison Systems) - these Senseless assaults could have Very easily been prevented had this prison administration USP Atlanta, Seen to it that attempted murder charges been filed against inmate "Siofelle" for his attempt to kill Petitioner On August 18, 2003 and, as a result this inmate Should have immediately been transfered to an all lockdown US Penitentiary where he could no longer be able to assault and threaten Other inmates as he continues,

-4-

Or I should say, as this prison administration Continues to allow him to do to Petitioner and others here at USP Atlanta.

## ARGUMENT

In United States Vs Brown cited as 437 F 2d 32 (2nd Cir 1991), the Honorable Irving R Kaufman US Circuit Judge stated the following: "The threat of Violence prevailing in Our Society has proven as destructive to its morale as the Commission of retaliatory acts themselves Aware of this, Congress drafted Section 1513 of the United States Code Title 18, with the express purpose of deterring offenders from retaliating Or threatening to retaliate against government witnesses who provide law enforcement officials with information relating to federal offenses The law both preserves the public interest by safeguarding the administration of Justice and protects individual witnesses anxious to Come forward with potentially incriminating evidence" 18 U S C A § 1513 states that, "Determining whether a defendant's behavior Constitutes threatening Conduct for purpose of Statute Criminalizing retaliation against witness, victim or informant, is question of fact generally reserved for jury" In this case, the evidence is So overwhelming Respondent Can not hide the fact(s) that Petitioner was nearly murdered On August 17, 2003 as a result of his past Cooperation with the government in the Mexican Mafia investigation Petitioner had worked in an under Cover Capacity as a Cooperating witness/informant for the government - (See: Attachments Marked As Petitioner's Exhibit A) - Petitioner provided law enforcement officials - the Federal Bureau Of Investigation, with a wide range of information and evidence, relating to numerous federal offenses under the R I C O Statute, against dozens of Members and associates of the Mexican Mafia Criminal enterprise As a direct result of Petitioner's past and present Cooperation with law enforcement officials, Petitioner Continues to receive terroristic threats from other inmates in deliberate violation of 18 U S C A § 1513 However, all of these facts and over whelming evidence to support Petitioner's 28 U S C § 2241 Writ of Habeas Corpus, Respondent - the U S Attorneys office refuses to File Criminal Charges

-5-

against any of these inmates mentioned herein, for violations of federal offenses against Petitioner, nor are they so much as trying to abate these inmates/offenders from continuing to retaliate and or threatening to retaliate against Petitioner, Muchless, is Respondent willing to protect Petitioner, who afterall, Continues to provide law enforcement officials with incriminating information as demonstrated in the May 02, 2005 debriefing interview with SIS officer Esselburn which was the express purpose as to why Congress drafted Section 1513 of the United States Code, Title 18, to protect government informants and victims like Petitioner who have Cooperated with law enforcement officials Something is woefully wrong when Respondent refuses to address any of the Criminal Conduct stated herein, and would rather Continue to deliberately violate Petitioners constitutional rights to be free from threats and acts of violence at the hands of other inmates This honorable Court must not allow these Cruel and unusual acts of punishment to Continue any further·

## "CONCLUSION"

For the foregoing facts and in the interest of justice, this honorable Court is urged to "ORDER" Respondent to Carry through On its May 02, 2005 promise to Petitioner for having cooperated with BOP·SIS authorities, in that, Petitioner should be transfered "forthwith" to the State of California Department of Corrections (CDC) Protective Custody units where Petitioner can 'Safely' be placed in the general population free from further threats and acts of violence at the hands of other inmates seeking to severely injure and or kill petitioner for having cooperated with the government in the Mexican Mafia investigation and with law enforcement officials in the Special Investigative Section of the Bureau Of Prisons

The Court is also urged to "ORDER" Respondent- the US Attorneys' office, to explain why they have not filed Criminal Charges against the inmate/assailant who attempted to murder Petitioner On August 18, 2003 and, against the assailant and his Co Conspirators who Continue to make terroristic threats to murder Petitioner, Specifically, the Mexican Mafia Members involved in the Manuel Torrez murder at the USP Marrion, Illinois.

-6-

Hereby, Petitioner reiterates his position as stated in Petitioner's 28 U S C §2241 petition for Writ of Habeas Corpus. civil action no. : 05- cv-0569-cc-(ssc) before this honorable Court. Thank you

I. Petitioner, John Turscak, declare under penalty of perjury that the foregoing is true and correct. Executed On July 06, 2005.

Respectfully submitted,

John Turscak. Reg No. 14098-074
United States Penitentiary - Atlanta
PO Box 150160
Atlanta, Georgia 30315
Petitioner.

-7-