**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN TURSCAK, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| GERARDO MALDONADO, | : | CIVIL ACTION NO. |
| Warden, | : | 1:05-CV-0569-CC |
|     Respondent | : | |

**MAGISTRATE JUDGE'S FINAL**
**REPORT, RECOMMENDATION and ORDER**

Petitioner, John Turscak, presently incarcerated in a prison operated by the

North Carolina Department of Corrections in Raleigh, North Carolina, seeks pursuant

to 28 U.S.C. § 2241 to be transferred from administrative segregation to the general

population of a California prison facility.  This matter is now before the court for

consideration of the instant petition [Doc. 1], Respondent's response [Doc. 10],

Petitioner's "traverse" to the response [Doc. 14], Petitioner's motion seeking a transfer

to a protective custody facility in the State of California [Doc. 15], Respondent's status

report [Doc. 16], Petitioner's emergency memorandum [Doc. 17], Petitioner's

additional exhibits [Docs. 18, and 20], Petitioner's response to Respondent's status

report [Doc. 19], and Petitioner's report to the court of his current status [Doc. 21].

1

## **Background**

Petitioner is currently serving a 360-month federal sentence for violating the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. § 1962 et al. (Doc. 10, Resp. Ex. 1). Petitioner is projected to be released on July 13, 2025. (Id.). At the time he filed the instant petition, Petitioner was incarcerated at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta").

During his stay at the USP-Atlanta, Petitioner was removed from the general population on or about May 13, 2002, and placed in the Special Housing Unit ("SHU") for protective reasons. (Doc. 1, p. 4). Following a six-month investigation, certain unidentified prison officials returned Petitioner to the general population on November 27, 2002. (Id.). After learning about threats to Petitioner's life, "prison officials" placed Petitioner back in the SHU on December 9, 2002, for protective custody reasons. (Id.). According to Petitioner, "prison officials" prepared the necessary paperwork to have Petitioner transferred to another prison. (Id.).

While being housed in the SHU at the USP-Atlanta, Petitioner continued to fear for his life due to the fact that gang members lived in the SHU and Petitioner had been labeled a "snitch." (Id.). Petitioner, therefore, asked prison officials to expedite his transfer to another prison where he could be placed in the general population. (Id.).

2

In August of 2003, while housed in the SHU, Petitioner was stabbed by his cellmate, who was a member of a gang. (Id.; Doc. 10, Resp. Ex. 3, Declaration of Michael Branch ("Branch Decl.") at ¶ 3).

As noted, Petitioner was incarcerated at the USP-Atlanta when he filed the instant habeas corpus petition. In the petition, Petitioner claims that his continued confinement in the SHU constitutes cruel and unusual punishment and reflects deliberate indifference to his health and safety by placing his life in imminent danger. (Doc. 1, p. 3). Petitioner further complains that the BOP's failure to transfer him to another prison, despite Petitioner's several requests to expedite his transfer, violates BOP regulations. (Id. at 5). Petitioner asks this court to transfer him to another prison where he can be placed in the general population. (Id. at 4).

In his response, Respondent contends that habeas corpus is not the proper vehicle for Petitioner to challenge the conditions of his confinement in the SHU. Even if Petitioner could properly claim that his confinement in administrative segregation was unconstitutional, Respondent contends, Petitioner would not be entitled to an immediate or speedier release from custody, the remedy available via habeas corpus.

Respondent also contends that Petitioner has failed to exhaust available administrative remedies with respect to his claims. J. Latease Bailey, the Federal

Bureau of Prisons' ("BOP") Assistant Regional Counsel, attests that Petitioner filed two requests for administrative remedies seeking a transfer to another prison. (Doc. 10, Resp. Ex. 2, Declaration of J. Latease Bailey ("J. L. Bailey Decl.") at ¶ 4). Petitioner failed to file his first request at the proper level. (Id. at ¶ 4(a)). Petitioner's second request was rejected, and he was directed to follow additional procedures to receive a response at the next administrative review level. (Id. at ¶ 4(b)). Apparently, Petitioner did not follow up with his second administrative request. Petitioner also filed an administrative request to change his classification from the Central Inmate Monitoring System ("CIMS") classification.[1] (Id. at ¶ 4(c)). According to J. L. Bailey, Petitioner filed this administrative request at the institutional and regional level, but not at the national level with the General Counsel. (Id. at ¶ 5).

In his traverse, Petitioner counters that habeas corpus is the proper vehicle in which to raise his claims and that Respondent's argument to the contrary conflicts with

---

[1]   According to K. Sue Bailey, BOP's Correctional Treatment Specialist in the Southeast Regional Office, Petitioner had been separated from numerous inmates and gangs in the BOP system. (Doc. 16, attached Declaration of K. Sue Bailey ("K. S. Bailey Decl.") at ¶ 5). Given the need to separate Petitioner from other BOP inmates, K. S. Bailey attests that Petitioner was given a a CIMS classification. (Id. at ¶ 7). Through CIMS, the BOP can monitor the transfer, temporary releases, and community-based activities of inmates who present special concerns for prison management. (Id.).

4

controlling and persuasive precedent. (Doc. 14, pp. 2-3). Without providing supporting evidence, Petitioner argues that the information provided by J. L. Bailey as to the exhaustion issue is incorrect. (Id. at 3). Petitioner contends that it would be futile to exhaust his administrative remedies because he is now time-barred from pursuing such remedies. (Id.). Petitioner also contends that he has otherwise set forth "extraordinary circumstances" that are sufficient to excuse the exhaustion requirement. (Id. at 4). Finally, Petitioner clarifies that he seeks a transfer from the SHU to the general population of a prison facility operated by the California Department of Corrections. (Id. at 5).

By letter dated July 28, 2005, the North Carolina Department of Correction, Division of Prisons, notified the BOP that it would accept Petitioner for placement at one of their facilities. (Doc. 16, K.S. Bailey Decl., ¶ 11). The BOP then transferred Petitioner from USP-Atlanta en route to a North Carolina prison facility on November 4, 2005. (Id. at ¶ 12). Petitioner arrived at the North Carolina facility on November 15, 2005. (Id. at ¶ 13). Thus, in his status report filed on December 19, 2005, Respondent has informed the court that Petitioner has been transferred from the USP-Atlanta. [Doc. 16]. In response to this transfer, Petitioner submitted a motion seeking an immediate transfer to a protective custody facility in the State of California. [Doc.

5

AO 72A
(Rev.8/82)

15]. In an effort to refute any suggestion that he has received his requested relief, Petitioner contends that he remains confined in administrative segregation in the North Carolina prison and that his life remains in jeopardy. (Id. at 2-3; Doc. 21, pp. 2-4). Petitioner also asserts, without supplying any evidentiary support, that he has "submitted several grievances to the Raleigh Community Corrections Office of the BOP and to the DOC's head office in Raleigh, N.C." seeking transfer, but has had no response. (Id. at 3-4).

## Discussion

### A.   The Instant Petition May be Brought as a Habeas Corpus Petition

The parties dispute whether the instant action may be brought via a § 2241 habeas corpus petition. This case raises an important question about the precise line that exists between habeas corpus actions and claims brought pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]

---

[2]   To state a claim for relief under § 1983, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States and that the act was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). In Bivens, the Supreme Court held that the violation of a person's Fourth Amendment rights by a federal official may give rise to a damages action in federal court pursuant to 28 U.S.C. § 1331. Bivens, 403 U.S. at 395-98. Bivens actions include other

AO 72A
(Rev.8/82)

A habeas corpus proceeding "challeng[es] the very fact or duration of [a prisoner's] physical imprisonment, and . . . seeks a determination that he is entitled to immediate release or a speedier release from that imprisonment. . . ." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Gwin v. Snow, 870 F.2d 616, 622 (11th Cir. 1989) (noting Preiser's observation that "immediate or more speedy release [is] the traditional purpose of habeas corpus"). A § 2241 habeas corpus petition specifically attacks the manner in which a sentence is executed rather than its validity. See Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir.), cert. denied, 531 U.S. 897 (2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994).

In contrast, § 1983 and Bivens provide a remedy for state and federal prisoners, respectively, who seek to challenge the conditions of their prison life. Preiser, 411 U.S. at 499. In dicta, the Supreme Court in Preiser suggested that the writ of habeas

constitutional violations, as well. See Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995). Because "[t]he effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials . . . courts generally apply section 1983 law to Bivens cases." Abella, 63 F.3d at 1065 (internal quotation marks and citations omitted).

AO 72A
(Rev.8/82)

corpus might provide a remedy for prisoners seeking to challenge certain conditions of confinement.  Specifically, the Supreme Court stated:

> [A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody . . . .  This is not to say that habeas corpus may not also be available to challenge such prison conditions.  When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.  But we need not explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983.  That question is not before us.

Preiser, 411 U.S. at 499 (internal citations omitted).

Following Preiser, controlling Fifth Circuit decisions[3] have held that a claim seeking release from the imposition of administrative segregation properly states a habeas corpus claim. See Streeter v. Hopper, 618 F.2d 1178, 1181 (5th Cir. 1980); Krist v. Ricketts, 504 F.2d 887, 887-88 (5th Cir. 1974).  Recently, the Eleventh Circuit recognized this controlling authority and stated:

> [u]nder our precedent, 'it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus' because 'such release falls into the category of "fact or duration of . . . physical imprisonment" delineated in Preiser v. Rodriguez.'

---

[3] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

8

AO 72A
(Rev.8/82)

Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) (quoting Krist, 504 F.2d at 887-88), cert. denied, 541 U.S. 1032 (2004).

In this case, Petitioner initially requested a transfer from the SHU at the USP-Atlanta to the general population of a prison facility located in California, and he still seeks such a transfer though he is now incarcerated in a North Carolina facility, apparently also in administrative segregation. Petitioner bases his request on his Eighth Amendment claim that his health and safety are threatened while he is housed in the SHU. Petitioner, therefore, essentially seeks to be released from the "additional and unconstitutional restraints" imposed on him that have purportedly contributed to placing his life in jeopardy while he remains in administrative segregation. See Preiser, 411 U.S. at 499. Accordingly, in light of the controlling Supreme Court and Eleventh Circuit cases cited above, the court finds that this action may be brought as a § 2241 habeas corpus petition.

### B.   Petitioner's § 2241 Claims Were Not Administratively Exhausted

This Court now turns to the question whether Petitioner's claims in connection with his request to be transferred from administrative segregation should be dismissed for failure to exhaust available administrative remedies. A prisoner seeking § 2241

9

AO 72A
(Rev.8/82)

relief must first exhaust available administrative remedies before federal habeas corpus

relief can be granted.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.), cert. denied,

541 U.S. 1036 (2004).  In Irwin v. Hawk, 40 F.3d 347 (11th Cir. 1994), cert. denied,

516 U.S. 835 (1995), the Eleventh Circuit outlined the following process for

exhausting administrative remedies pursuant to the BOP's administrative remedy

procedure:

> The BOP's administrative remedy procedures is a three-tiered process whereby an inmate may redress the deprivation of any right to which he is entitled . . . .   The process begins with a staff member at the facility where he . . . is housed.  28 C.F.R. §  542.13(a).  If this informal resolution is not successful, the inmate may file a formal written complaint, on the appropriate form, to the warden at the local institution level.  28 C.F.R. § 542.13(b) . . . .  If the inmate is not satisfied with the warden's response, that response may be appealed, within twenty days of the response, to the regional director.  28 C.F.R. § 542.15.  If the inmate is not satisfied at the regional level, the inmate has thirty days from the date of the regional director's response to appeal to the general counsel.  Id.  . . . .  An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels.  The appeal to the office of the general counsel is the final administrative appeal provided by the BOP.  28 C.F.R. § 542.15.

Id. at 349 n.2.

### 1.    **Transfer from the USP-Atlanta SHU**

Respondent has presented evidence that Petitioner has filed two requests for

administrative remedies in which he was seeking a transfer to another prison, and one

10

request to change his classification from the CIMS classification. (Doc. 10, J. L. Bailey Decl., ¶ 4). It appears from Ms. Bailey's Declaration that Petitioner has failed to complete all three levels with respect to any of his requests for administrative remedies that relate to his stay in the SHU at the USP-Atlanta. (Doc. 10, see J. L. Bailey Decl., at ¶¶ 4-7). While he states that the information provided by Ms. Bailey is incorrect, Petitioner has failed to submit any evidence demonstrating exhaustion of all three administrative levels with respect to any of his administrative requests.

Petitioner's primary contention is that it would be futile to exhaust his administrative remedies because he is now time-barred from pursuing such remedies and that he has otherwise set forth "extraordinary circumstances" to excuse the exhaustion requirement. It is true that exhaustion may be excused "[w]here the available remedies are unavailable or wholly inappropriate to the relief sought or where an attempt at exhaustion would be patently futile. . . ." Morrow v. Rivera, No. 05-CV-00115, 2005 WL 1177913 at *2 (N.D. Fla. May 17, 2005) (citing Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)). Indeed, any exception to the exhaustion requirement applies only in "extraordinary circumstances" where the petitioner "bears the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62.

AO 72A
(Rev.8/82)

In the instant case, however, the futility of any untimely appeal to the next level in the administrative review process with respect to Petitioner's requests for transfer from the SHU cannot serve to excuse the exhaustion requirement. The Tenth Circuit Court of Appeals has held that a prisoner has not properly exhausted his administrative remedies if he has failed to comply with the time limits for appeals set forth in 28 C.F.R. § 542.   See Patel v. Fleming, 415 F.3d 1105, 1109 (10th Cir. 2005). " 'Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them.' " Id. (quoting Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004)).   Applying that reasoning to this case, the undersigned finds that Petitioner cannot benefit from his failure to adhere to the time limitations set forth in the regulations by now arguing that their expirations make it futile to require exhaustion at this stage.

With respect to his claim that "extraordinary circumstances" exist to excuse the exhaustion requirement, Petitioner states first that he never received any responses to his various administrative requests and grievances.  As noted above, however, no evidence has been presented to show that Petitioner completed all three administrative levels concerning his requests to be transferred from the USP-Atlanta SHU to the

12

AO 72A
(Rev.8/82)

general population of another prison (see Doc. 10, J.L. Bailey Decl., ¶¶ 4 and 5). Petitioner has failed to present any evidence demonstrating that he filed a written administrative grievance about the lack of responses to his requests for transfer. In addition, Petitioner has advanced no arguments and presented no evidence to show that he was unaware of the time limitations for appealing the denial of an administrative request to the next level of review.

Second, citing Sandin v. Conner, 515 U.S. 472 (1995), Petitioner appears to contend that his lengthy and burdensome stay in the USP-Atlanta SHU was an "atypical and significant hardship" sufficient to excuse the exhaustion requirement. (Doc. 14, p. 4). The record reflects that Petitioner sought administrative remedies while being housed in the SHU. But Petitioner has failed to demonstrate how such onerous conditions in the SHU limited his ability to appeal the denial of his administrative requests in a timely fashion. This court concludes, therefore, that Petitioner has failed to demonstrate "extraordinary circumstances" sufficient to excuse the exhaustion requirement. Accordingly, Petitioner's claims in connection with his request for transfer from the SHU are subject to dismissal for failure to exhaust available administrative remedies.

AO 72A
(Rev.8/82)

**2.**    **Transfer From Administrative Segregation in North Carolina Facility**

As noted, the record reflects that Petitioner has now been transferred to a prison facility located in North Carolina.  In his status report, Respondent argues that this transfer renders the instant petition moot as Petitioner has received his requested relief. Petitioner vigorously argues that he has not received his requested relief (transfer to the general population in a California prison), and that the instant petition has not been rendered moot.   (Doc. 19, pp. 2-5).  Petitioner has presented evidence showing that he is currently being held in administrative segregation in the North Carolina prison. He has not presented any <u>evidence</u>, however, to show that he has sought administrative review of his current placement in administrative segregation in North Carolina.  Thus, his claims in connection with his request for transfer from administrative segregation in North Carolina are subject to dismissal for failure to exhaust administrative remedies, as well.

In light of Petitioner's failure to exhaust his administrative remedies with respect to his placement in administrative segregation in USP-Atlanta or in a North Carolina facility, it is unnecessary for this court to consider the difficult question whether Petitioner's transfer to North Carolina has rendered the instant petition moot,

14

because the claims he asserts are subject to dismissal for lack of administrative exhaustion.  The undersigned's conclusion, however, renders Petitioner's motion for transfer [Doc. 15] moot.  Petitioner is not without a remedy, however.  He may pursue his administrative remedies in connection with his current placement and, if, upon exhausting those remedies, he has not obtained the relief he seeks, he may file an appropriate habeas petition in the appropriate court.

### Conclusion

For the foregoing reasons, Petitioner is not entitled to federal habeas corpus relief.  **IT IS THEREFORE RECOMMENDED** that Petitioner's motion seeking a transfer to a protective custody facility in the State of California [Doc. 15] be **DENIED** as moot, that the instant petition [Doc. 1] be **DENIED**, and that the instant action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 24th day of July, 2006.

*Susan S. Cole*
_____
SUSAN S. COLE
United States Magistrate Judge

15

AO 72A
(Rev.8/82)